UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY,<br>　　*Plaintiff*,<br><br>v.<br><br>BULLNOSE MASONRY, LLC,<br>　　*Defendant*. | §<br>§<br>§<br>§　Civil Action No. 3:24-CV-2516-X<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION, ORDER, AND
FINAL JUDGMENT**

Plaintiff Frankenmuth Mutual Insurance Co. (Frankenmuth) seeks a default judgment against defendant Bullnose Masonry, LLC (Bullnose) for breach of contract and negligence (Doc. 9). For the reasons below, the Court **GRANTS** the motion for default judgment and enters judgment in favor of Frankenmuth.

**I. Background**

Frankenmuth issued a performance bond on behalf of a contractor for a construction project in Garland in 2022. J4 Development, Inc. was a member of the contractor joint venture who subcontracted with Bullnose to perform flashing, trimming, and other work on the project. On or about June 1, 2023, the contractor stopped work on the project. The contract was terminated and Frankenmuth entered into a takeover agreement with the owner (Reserve at Shiloh, LLC).

Frankenmuth then entered into a ratification agreement with Bullnose, where Bullnose agreed to complete its scope of work under its subcontract. Frankenmuth alleges Bullnose performed defective work, incorrectly installing window flashing and

incorrectly sealing windows, and failed to perform all of its work. As a result, the project suffered damage and delay.

Frankenmuth hired Vaden Plastering and Masonry, LLC (Vaden) to serve as Bullnose's replacement. Frankenmuth paid Vaden $294,715.00 to remediate Bullnose's defective work and $210,525.00 to complete the work Bullnose failed and refused to perform. Frankenmuth acknowledges paying Bullnose for unperformed work in the amount of $56,800, leaving a total claim against Bullnose for $448,440.00.

Frankenmuth sued Bullnose for breach of contract and negligence. After service but failure to answer, Frankenmuth obtained a clerk's default and then moved for default judgment.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> 
> (A) conduct an accounting;
> 
> (B) determine the amount of damages;
> 
> (C) establish the truth of any allegation by evidence; or
> 
> (D) investigate any other matter.[1]

---

[1] Fed. R. Civ. P. 55(b)(2).

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[2]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[3] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[4] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[5]

### III. Application

The Court deems the facts on liability to be admitted and finds Bullnose not to be incompetent, a minor, or on active-duty status with the Uniformed Services of the United States of America because it is a corporate entity. And while Rule 55 allows for hearings, it does not command them. Frankenmuth's motion is supported by sworn evidence of damages. As a result, a ruling without a hearing is proper.

### A. Procedural Appropriateness of Default Judgment

---

[2] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[3] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[4] *Id.*

[5] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Court now turns to the six *Lindsey* factors. First, there are no material facts in dispute because the defendant has not filed any responsive pleading. Second, regarding substantial prejudice, the defendant's failure to respond could bring adversarial proceedings to a halt and substantially prejudice Frankenmuth, but not itself. Frankenmuth first filed its complaint in October 2024. Third, the defendant's continual failure to respond or participate in this litigation clearly establishes grounds for the default. Fourth, regarding mistake or neglect, there is no reason to believe the defendant is acting under a good faith mistake or excusable neglect. Fifth, regarding the harshness of a default judgment, the Court is only awarding actual damages (as well as interest and attorney's fees to be determined later). The sixth factor is whether the Court would grant a motion to set aside the default. The pleadings, the lack of response, and consequentially, the failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

### B. Sufficiency of Frankenmuth's Claims

Next, the Court must assess the merits of Frankenmuth's claims (for breach of contract and negligence). Under Texas law, a breach of contract claim has four elements: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the

plaintiff sustained damages due to the breach.[6]

Frankenmuth's complaint alleges that: (1) Frankenmuth and Bullnose had a valid contract; (2) Frankenmuth performed by paying for all work Bullnose successfully completed (and overpaying); (3) Bullnose breached by performing defective work and not performing other work; and (4) Bullnose's breach cost Frankenmuth a net total of $448,440.00. Frankenmuth's complaint is sufficient. And the Court need not assess the sufficiency of the negligence claim because the contract claim gives Frankenmuth a full recovery.

### B. Damages

Frankenmuth's two declarations, as detailed above, establish its net actual damages of $448,440.00. Thus, the Court awards actual damages of $448,440.00 to Frankenmuth against Bullnose.

Frankenmuth is also entitled to pre-judgment interest.[7] As this case is here on diversity jurisdiction, state law governs an award of pre-judgment interest.[8] Under Texas law, "an equitable award of pre[-]judgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances."[9] The Court calculates pre-judgment interest from the date Frankenmuth filed suit: October 7, 2024.[10]

---

[6] *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

[7] Frankenmuth says we can decide interest later. But the Court prefers reserving only attorney's fees and costs for adjudication after the final judgment. If Frankenmuth disagrees with any interest calculations, it should file an appropriate motion to modify this judgment.

[8] *Meaux Surface Prot., Inc. v. Fogelman*, 607 F.3d 161, 172 (5th Cir. 2010).

[9] *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996) (cleaned up).

[10] *See, e.g., Craig v. GACP II, L.P.*, No. 3:19-CV 0058-G, 2022 WL 1778392, at *8 (N.D. Tex. Jun. 1, 2022) (Fish, J.).

Under Texas common law, equitable pre-judgment interest accrues at the applicable rate for Texas's post-judgment interest rates.[11] The current post-judgment interest rate in Texas is 7.5%.[12] Pre-judgment interest should run from October 7, 2024, the date Frankenmuth filed suit, to the day before the date of this judgment, which amounts to $22,208.15.[13]

Frankenmuth is also entitled to costs of Court. It should file a bill of costs within 14 days.

If Frankenmuth seeks attorney's fees,[14] it must file a motion with supporting evidence within 14 days of the date of this judgment.

Finally, Frankenmuth is entitled to post-judgment interest as allowed by law, which is 4.12%.[15] This accrues on pre-judgment interest and damages.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Frankenmuth's motion for default judgment. The Court awards Frankenmuth $448,440.00 in actual damages, $22,208.15 in pre-judgment interest, and post-judgment interest at 4.12% against

---

[11] *See id.*; *see also* Tex. Fin. Code § 304.003.

[12] *See* Interest Rates, Tex. Off. of Consumer Credit Comm'r (June 3, 2025), https://occc.texas.gov/publications/interest-rates [https://perma.cc/98V7-4LD8].

[13] October 7, 2024, to June 4, 2025, is 241 days. Because this is less than a year, there is no annual compounding to apply. *See* Tex. Fin. Code § 304.006. So pre-judgment interest is $92.15 a day for 241 days and $22,208.15 in total.

[14] Tex. Civ. Prac. & Rem. Code §§ 38.001(b)(8) and 38.0015.

[15] *See* 18 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). The 1-year average Treasury yield on June 2, 2025 was 4.12%. *See* Selected Interest Rates (Daily) - H.15, Board of Governors of the Fed. Rsrv. Sys. (June 3, 2025), https://www.federalreserve.gov/releases/h15 [https://perma.cc/8KCP-FCTQ].

Bullnose. Frankenmuth shall file a bill of costs and a motion for attorney's fees within 14 days of the date of this order. This is a final judgment. All other relief not expressly granted is denied.

    **IT IS SO ORDERED** this 5th day of June, 2025.

                                                    BRANTLEY STARR
                                                  UNITED STATES DISTRICT JUDGE