IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-2516-X |
| BULLNOSE MASONRY, LLC, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Frankenmuth Mutual Insurance Company sued Defendant Bullnose Masonry, LLC for breach of contract under Texas law, and the Court granted Frankenmuth's motion for default judgment against Bullnose and entered judgment in favor of Frankenmuth. *See* Dkt. No. 10.

The Court then denied Frankenmuth's initial motion for attorneys' fees "without prejudice to allow Frankenmuth to file better evidence." Dkt. No. 15.

Frankenmuth renewed its motion. *See* Dkt. Nos. 16 & 17.

United States District Judge Brantley Starr referred the renewed motion to the undersigned United States magistrate judge. *See* Dkt. No. 18; 28 U.S.C. § 636(b); FED. R. CIV. P 72(b); FED. R. CIV. P. 54(d)(2)(D) ("[T]he court may refer … a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

And, for the following reasons, the undersigned recommends that the Court deny the renewed motion.

## Legal Standards

Texas law applies to a request for fees as a prevailing party on a claim made under Texas law. *See Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005) ("The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." (footnote omitted)); *accord Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision.").

"Texas law permits an award for attorney's fees only if authorized by statute or contract." *Bennigan's Franchising Co., LLC v. Team Irish*, No. 3:11-cv-364-D, 2011 WL 3903068, at *2 (N.D. Tex. Sept. 6, 2011) (citing *Int'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006)).

And, "[w]hen a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under § 38.001 [of the Texas Civil Practice and Remedies Code] if there is proof that the fees are reasonable." *Id.* at *3 (citations omitted).

"In addition to the statutory right to recover attorney's fees under the provisions of § 38.001, '[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38.'" *Id.* (quoting *KB Home*, 295 S.W.3d at 653; citation omitted). In that case, "the terms of the contract, not statute, control the outcome of the case." *Id.* (cleaned up).

And, under Texas law, a prevailing party authorized "to obtain attorney's fees from the opposing party" still "must prove that the requested fees are both reasonable and necessary." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2023 WL 5311486, at *3 (N.D. Tex. Aug. 17, 2023) (quoting *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019) (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017))).

> The preferred method of federal courts calculating reasonable attorneys' fees under Texas law is the lodestar method. *See Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852 (S.D. Tex. 2017) (citing *Rappaport v. State Farm Lloyds*, 275 F.3d 1079 (5th Cir. 2001) (per curiam)). The lodestar method is a two-step process. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, courts calculate the lodestar by multiplying the "number of hours reasonably expended ... by the prevailing hourly rate in the community for similar work." *Id.* at 392 (internal quotation marks omitted).

*Wease v. Ocwen Loan Servicing*, No. 3:13-cv-4107-B, 2021 WL 4991079, at *2 (N.D. Tex. Oct. 27, 2021).

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

And, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing," so "[i]t is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby*

*v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (cleaned up).

Instead, "[p]ercentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (cleaned up)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, "Texas courts then apply the eight *Arthur Andersen* factors to determine whether the lodestar should be adjusted." *Wease*, 2021 WL 4991079, at *2 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); footnote omitted).

These factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;

- 4 -

(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at \*2 n.7 (formatting modified; quoting *Arthur Andersen*, 945 S.W.2d at 818).

"[T]he base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations." *Rohrmoos*, 578 S.W.3d at 500.

"The relevant factors are similar to those articulated in *Johnson[ v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).]" *El Campo Ventures LLC v. Stratton Secs. Inc.*, No. 1:20-CV-00560-RP, 2022 WL 1518926, at \*4 (W.D. Tex. Feb. 1, 2022) (footnote omitted), *rec. adopted*, 2022 WL 17735386 (W.D. Tex. Aug. 23, 2022).

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up).

So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)).

Instead, this Court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.*

(quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

## Analysis

### I.    The Court should deny Frankenmuth's request for attorneys' fees.

The undersigned has carefully reviewed the renewed motion for attorneys' fees [Dkt. Nos. 16 & 17] and its attached evidence – (1) a declaration from Frankenmuth's counsel of record, Emory G. Allen, a member of the law firm Clark Hill PLC, who has practiced law for more than a decade [Dkt. No. 17-1], and (2) the applicable billing records [Dkt. No. 17-2].

First, the hourly rates for the professionals who worked on this case (three attorneys and a paralegal) are reasonable and within the market rate for attorneys and legal assistants handling this type of litigation in the Dallas Division of the Northern District of Texas. *See* Dkt. No. 17-1, ¶¶ 8-11; *Wachovia Bank, Nat'l Ass'n v. Schlegel*, No. 3:09-cv-1322-D, 2010 WL 4275277, at *2 & n.4 (N.D. Tex. Oct. 29, 2010) ("[T]he court … [is] an expert as to the reasonableness of attorney's fees." (applying Texas law; citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("[T]rial courts are considered experts as to the reasonableness of attorney's fees." (applying federal law)))).

So the Court can determine one component of the lodestar: "the prevailing hourly rate in the community for similar work." *Combs*, 829 F.3d at 392

But the heavily redacted billing entries [Dkt. No. 17-2] prevent the Court from determining the "number of hours reasonably expended" component, *Combs*, 829 F.3d at 392. Consider a few examples:



Frankenmuth Insurance Company
Matter Name: Bullnose Masonry, LLC
Client: 11095  Matter: 501295
Invoice: 1495852

October 16, 2024   Page 2

FOR LEGAL SERVICES RENDERED in connection with the above matter.

**TIME AND FEE SUMMARY**

| Name | Initials | Rate | Hours | Amount |
|---|---|---|---|---|
| Emory Allen | EGA | $275.00 | 1.80 | 495.00 |
| Wesley Osborn | WO | $225.00 | 6.00 | 1,350.00 |
| | | **Total** | **7.80 $** | **1,845.00** |

**DETAIL OF LEGAL SERVICES**

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 09/02/24 | WO | Analysis and review of ███████████. | 3.30 | 742.50 |
| 09/17/24 | EGA | Analysis and development of ████████. | 0.70 | 192.50 |
| 09/18/24 | WO | Continue draft of ███████████. | 2.70 | 607.50 |
| 09/23/24 | EGA | Finalize ████████████. | 0.70 | 192.50 |
| 09/23/24 | EGA | Analysis and development of ████████. | 0.40 | 110.00 |
| | | **Total** | **7.80 $** | **1,845.00** |

**EXHIBIT 1-A**

Entries like these and – just as another example – Mr. Allen's one-hour entry

on October 16, 2024 that simply tells the Court: "Call with [redacted]," Dkt. No. 17-2 at 63, prevent a meaningful examination as to the substance of a particular time entry to allow the Court to determine whether a particular entry by an attorney was for legal work (as opposed to clerical work) or whether the attorneys have exercised judgment by refraining from excessive or redundant billing. *See Tovar v. Sw. Bell Tel., L.P.*, No. 3:20-cv-1455-B, 2022 WL 2306926, at \*5 (N.D. Tex. June 27, 2022 ("The court should consider whether the work performed was legal work in the strict sense or was merely clerical work that happened to be performed by a lawyer." (cleaned up; quoting *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 536 (5th Cir. 1986))); *E.E.O.C. v. SkyWest Airlines, Inc.*, No. 3:22-cv-1807-D, 2025 WL 697661, at \*6 (N.D. Tex. Mar. 4, 2025) ("Billing judgment 'refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours. Plaintiffs submitting fee requests .... are charged with proving that they exercised billing judgment.'" (quoting *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769-70 (5th Cir. 1996))).

And it's not just one entry – or even a few. If that was the case, the Court could deduct the amount billed for a deficient entry from the lodestar. Instead, because the bulk of the time entries prevent a meaningful review of what legal work was performed, the undersigned cannot determine the hours component of the lodestar.

In sum, the evidence resubmitted by Frankenmuth prevents the Court from calculating a key component of the lodestar, and, so, the Court is not able "to provide a reasonably specific explanation for all aspects of a fee determination," *Portillo*, 872 F.3d at 741, and deliver an "analysis [that] is 'complete enough' for [the Fifth Circuit]

to review," *Saldivar*, 675 F. App'x at 432.

**II.     The Court should also deny any request for costs included in Frankenmuth's motion for attorneys' fees.**

To the extent that the renewed motion also requests costs under Federal Rule of Civil Procedure 54(d) – $592 – the renewed motion fails to specify what these costs are, but Frankenmuth previously submitted a bill of costs for the same total amount (requesting $405 for the filing fee and $187 for service of summons and subpoena), *see* Dkt. No. 13.

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).

And the United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up).

"Section 1920(1) allows recovery of 'fees of the clerk and marshal,' but does not expressly allow recovery of private process server fees," and, so, 'absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920.'" *Est. of Bellamy ex rel. Bellamy v. Ford Motor Co.*, No. SA-22-CV-00941-JKP, 2025 WL 3771434, at *2 (W.D. Tex. Aug. 18, 2025) (quoting *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997))).

So, based on the record in this case, Frankenmuth has demonstrated only that

it should recover $405, as it has "not provide[d] any evidence of exceptional circumstances to justify recovery of the cost of private process servers." *Id.* (citations omitted); *see* Dkt. No. 5 (executed summons return).

Regardless, the Clerk of Court has already taxed these costs. *See* Dkt. No. 14.

And Frankenmuth is not entitled to double recovery of any component of the costs previously taxed against Bullnose. *Cf. James v. Wells Fargo Bank, N.A.*, No. 5:12-cv-42-C, 2012 WL 13028546, at *4 (N.D. Tex. Sept. 5, 2012) ("Defendant also seeks an award of costs. The Court already taxed costs of court against Plaintiffs in its final judgment and declines to make a determination of such costs via the instant motion. Rather, Defendant must comply with the requirements of Rule 54(d)(1) and Local Rule 54.1, including filing a bill of costs with the clerk.").

### Recommendation

The Court should deny Plaintiff Frankenmuth Mutual Insurance Company's Motion for Attorneys' Fees [Dkt. No. 16].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE